IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 25-cv-03961-GPG

ALMA ROSA RODRIGUEZ RODRIGUEZ,

    Petitioner,

v.

JUAN BALTASAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
ROBERT HAGAN, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity;
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity;
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity;
PAM BONDI, Attorney General, U.S. Department of Justice, in her official capacity;

    Respondents.

## TEMPORARY RESTRAINING ORDER

Before the Court are the Verified Petition for Writ of Habeas Corpus (Petition) (D. 1) and Plaintiff's [sic] Motion for Temporary Restraining Order and/or Preliminary Injunction (Motion) (D. 7). The Court GRANTS IN PART the motion for a temporary injunction as follows:

A court presented with an *ex parte* emergency request for a temporary restraining order (TRO) pursuant to Federal Rule of Procedure 65 is authorized to issue a TRO to avoid "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The basic purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm" before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of*

1

*Alameda Cnty.*, 415 U.S. 423, 439 (1974). TROs are—by definition—temporary: a TRO issued on an *ex parte* basis lasts no more than 14 days (unless the issuing court extends it "for good cause . . . for a like period or the adverse party consents to a longer extension"). *See* Fed. R. Civ. P. 65(b)(2). Moreover, when a court issues an *ex parte* TRO, the adverse party may appear on two days' notice—or on shorter notice set by the court—and move to dissolve or modify the TRO. *See* Fed. R. Civ. P. 65(b)(4).

Petitioner presented sufficient evidence to indicate Respondents will not, under current policy, provide Petitioner with a bond hearing (D. 7-1; D. 7-2). The Government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process). To protect the status quo, the Court enters this TRO enjoining Respondents from removing Petitioner from the United States or transferring her out of Colorado. The Court expresses no view as to the merits of the Petition and does not rule on any of the other relief Petitioner seeks, such ordering her release (*see* D. 1 at 20).

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Defendants SHALL NOT REMOVE Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order. *See also Vizguerra-Ramirez v. Choate, et. al*, Case No. 1:25-cv-881, D. Colo., ECF No. 11 at 4-5 (collecting cases); *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966); *Local 1814, Int'l*

*Longshoremen's Ass'n v. New York Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992). To the extent they have not yet done so, no later than tomorrow, December 12, 2025, Petitioner's counsel is directed to (1) serve Respondents with a copy of the Petition, Motion, and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail; and (2) promptly file proof of such service on the docket. Counsel for Defendants shall promptly enter notices of appearance, and, within fourteen days of service, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted either requiring a bond hearing within seven days or Petitioner's release from custody. *See Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)); *Cortes, v. Noem,* No. 1:25-CV-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025).

DATED December 11, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge