IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 25-cv-03961-GPG

ALMA ROSA RODRIGUEZ RODRIGUEZ,

    Petitioner,

v.

JUAN BALTASAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
ROBERT HAGAN, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity;
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity;
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity;
PAM BONDI, Attorney General, U.S. Department of Justice, in her official capacity;

    Respondents.

## ORDER

Before the Court is the Verified Petition for Writ of Habeas Corpus (Petition) (D. 1). The Court GRANTS IN PART the Petition. Because the briefing demonstrates that Petitioner Alma Rosa Rodriguez Rodriguez's (Petitioner) challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

### I. BACKGROUND

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226.

1

Petitioner is a native and citizen of Mexico who entered the United States without inspection in January 2001.[1] She has resided in Denver, Colorado, for approximately twenty-four years. Prior to her detention, Petitioner lived with her husband and her four U.S. citizen children.

U.S. Immigration and Customs Enforcement (ICE) took Petitioner into custody in October 2025. It asserts that Petitioner is detained pursuant to 8 U.S.C. § 1225(b) (D. 16 at 9). Petitioner was denied a bond hearing on the purported basis for her detention (*id*.).

At least at the time the Petition was filed, Petitioner was held by ICE at its facility in Aurora, Colorado (D. 1 at 2).

## II.  LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

This Petition turns on one issue—whether Petitioner is properly detained under 8 U.S.C. § 1225(b) or whether, instead, she is entitled to a bond hearing.

As one among many similar cases, the issues presented here have been litigated before. Regarding whether Petitioner was entitled to a bond hearing, Respondents raise essentially identical arguments to those that they raised in prior cases in this District. *Compare* D. 16 at 2–3, 10–21 *with Garcia Cortes v. Noem*, No. 1:25-CV-02677-CNS, 2025 WL 2652880, at *1 (D. Colo.

---

[1] The Court takes its facts from the Petition, which is verified (D. 1 at 21). Respondents generally do not challenge any of the facts stated in the Petition, only the legal conclusions (*see* D. 16 at 8–10).

Sept. 16, 2025) ("First, that the Court lacks jurisdiction 'to review ICE's initiation of removal proceedings under 8 U.S.C. § 1252.' ECF No. 7 at 7. Second, that even if the Court has jurisdiction, it 'should find that Petitioner is properly detained' under 8 U.S.C. § 2552(b)(2)(A) because he falls under the statute. *Id*. Third, that Petitioner has received adequate process. *Id*."). These arguments have been considered and rejected by other Judges in this District. *Id*.; *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR (D. Colo. Oct. 17, 2025), ECF 33. Respondents make no attempt to distinguish the authority rejecting their arguments. The Court finds the prior decisions from this District noted above entirely persuasive and adopts their analysis. *See Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936, at *2 (D. Colo. Nov. 14, 2025).

Accordingly, the Court finds that it has jurisdiction to hear Petitioner's challenge to her detention because her "claims are legal in nature and challenge specific conduct unrelated to removal proceedings." *Garcia Cortes*, 2025 WL 2652880, at *2. Because Petitioner was not detained while attempting to enter the country and does not have other circumstances that would subject her to mandatory detention, "Petitioner is not subject to § 1225(b)(2)(A)'s mandatory detention provision, nor does [s]he fall outside of § 1226(a)'s discretionary detention provision based on any § 1226(c) exceptions." *Id*. at *3. Accordingly, Petitioner is entitled to a bond hearing.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing her continued detention is proper and was proper at the time of her arrest. *See Batz Barreno*, 2025

3

WL 3190936, at *3.  Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of this Order.  Respondents are ENJOINED from denying bond to Petitioner on the basis that she is detained pursuant to § 1225(b).  Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether she has been granted bond, and, if her request for bond was denied, the reasons for that denial.

DATED December 30, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge